### KORKEMAS v. MACKSOUD.

(Supreme Court, Appellate Division, First Department. April 8, 1909.)

BILLS AND NOTES (§ 437*) — PAYMENT OF POSSESSION — "HOLDER IN HIS OWN RIGHT."

Where defendant, the maker of a note, on the day it fell due, requested plaintiff, the second indorser, to take it up at the bank, and that defendant would pay plaintiff in a few days, and defendant thereafter in some manner acquired possession of the note without having paid it, he was not a "holder in his own right," within Negotiable Instruments Law (Laws

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

1897, p. 743, c. 612) § 200, providing that a negotiable instrument is discharged when the principal debtor becomes the holder at or after maturity in his own right, and was liable thereon.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 437.*]

Appeal from Appellate Term.

Action by Richard Korkemas against Elias Macksoud. From a determination of the Appellate Term, affirming a judgment of the City Court dismissing the complaint at the close of the case, plaintiff appeals by permission. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and LAUGHLIN, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

E. W. Tyler, for appellant.

Maurice M. Greenstein, for respondent.

McLAUGHLIN, J. This action was brought in the City Court of the city of New York to recover the amount of a promissory note made by the defendant and payable to the order of N. H. Maloof & Co. At the close of the case, upon motion of the defendant, the complaint was dismissed, and from the judgment entered the plaintiff appealed to the Appellate Term, which affirmed the judgment, and by permission plaintiff has appealed to this court.

The material facts are not disputed. The note was dated on the 24th of July, 1907. It was indorsed by N. H. Maloof & Co. and discounted by the plaintiff prior to maturity; Maloof & Co. receiving a check from him for the face of the note, which was paid. Defendant did not pay the note at maturity, but telephoned one Gamen, who was the manager of the plaintiff, the day the note fell due, and called his attention to that fact, and at the same time said he did not want the note protested, and asked the plaintiff to take it up and he would pay him. The plaintiff did as requested by giving to the bank which had discounted it for him a check for the face of it. In some way, just how does not appear, whether by accident or design, the note got into the possession of the defendant, and from that fact alone it was claimed that the note was paid.

There is no pretense that the defendant actually paid the note, or that it was delivered to him by the plaintiff in pursuance of any agreement or understanding of any kind. All that the defendant claims is that Maloof & Co., on the day the note was given, sent him two notes, one signed by Maloof & Co., payable to his order, which he kept, and the other, the note in suit, payable to Maloof & Co.'s order, which he signed and returned to them; that this note was subsequently returned to him, whether by messenger or mail he could not say; that he was not present when the same was received, but he found it on his desk some time subsequent to the day it fell due; that the only way he paid it was by returning to Maloof & Co. their note. It also appeared that the check which the plaintiff gave to Maloof & Co. when he discounted the note was delivered by Maloof & Co. to the defendant, who had the same cashed. The defendant did not deny that he had requested the plaintiff, through his manager, on the day the note fell due, not to have

it protested, but to take it up and he would pay it. Nor did he deny that two or three days thereafter the plaintiff's manager called upon him and asked him to pay the note, and that he then said he would look after it in a few days.

Just how it could be supposed that the defendant, upon the facts stated, was not liable, it is difficult to imagine. The defendant was the maker of the note. It was his obligation, and he was primarily liable; and the fact that the plaintiff, the second indorser, saw fit, in order to prevent its being protested, to pay it on the day it fell due, did not discharge the defendant's liability. Section 200 of the negotiable instruments law (Laws 1897, p. 743, c. 612), which provides that a negotiable instrument is discharged when the principal debtor becomes the holder at or after maturity in his own right, has nothing to do with the question. The defendant never became the holder "in his own right." He was no more entitled to the possession of the note than if he had forcibly taken it from the plaintiff without payment. Plaintiff never intended to part with it without payment, and it requires something more than the possession of a promissory note, obtained either by accident or design, to extinguish the liability of the maker. Instead of dismissing the complaint, the court, at the conclusion of the trial, should have directed a verdict for the plaintiff.

It follows that the determination and judgment appealed from must be reversed, and a new trial ordered, with costs in this court and in the court below to appellant to abide the event. All concur.